## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

_____

| | | |
|---|---|---|
| **GLORIA CHO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) **CASE NO.** | |
| | ) | |
| **PRADA USA CORP.,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

_____

## COMPLAINT

NOW COMES Plaintiff GLORIA CHO ("Cho" or "Plaintiff") through undersigned counsel and makes hers claims against Defendant, Prada USA Corp. ("Prada" or "Defendant") showing the Court as follows:

## SUBJECT MATTER JURISDICTION

1.

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e *et seq*., as amended ("Title VII") and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) ("PDA"), for employment discrimination based on sex (pregnancy) and retaliation. Jurisdiction is specifically conferred on the court by 42 U.S.C. §2000e-5. Equitable and other

relief are also sought under 42 U.S.C. §2000e-5(g).

2.

This action is brought pursuant to the Americans with Disabilities Act of 1990 (hereafter referred to as "ADA"), *as amended*, 42 U.S.C. § 12101 *et seq*. (including the American with Disabilities Act Amendments Act of 2008), and 28 C.F.R. § 36.101, *et seq*.

3.

This action is brought pursuant to Sections 102 and 503 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and 42 U.S.C. § 12203(c).

4.

These claims are federal questions under 28 U.S.C. § 1331 and civil rights matters under 28 U.S.C. § 1343, and jurisdiction and venue are proper in this court.

## **PERSONAL JURISDICTION**

5.

Defendant Prada USA Corp. is a Delaware Profit Corporation and may be served by service on registered agent Corporation Service Company, 2 Sun Court, Suite 4000, Peachtree Corners, GA 30092 (Gwinnett County).

## **FACTS OF THE CASE**

6.

On or around Tuesday, February 21, 2023, about a month after finding out she was pregnant, Plaintiff was not feeling well as she was experiencing morning sickness.

7.

She called her general manager, Peter Johnston to let him know she would like to use a sick day due to not feeling well.

8.

Not yet aware that, Plaintiff was pregnant, Johnston sounded angry Cho and her coworker have been calling out way to much and it has to get under control.

9.

This behavior and action was hostile to pregnant individuals.

10.

Johnston stated Cho would have to figure out her coverage if she was going to call out.

11.

Because Johnston sounded upset, Cho felt the need to share her

medical condition, i.e., that she recently found out she was pregnant.

12.

Cho was not ready to share this information, but felt forced to given she was afraid of losing her job.

13.

Johnston was dismissive, feigning congratulations but really ignoring the request for accommodation.

14.

Johnston said too much was going on, including a VP visit to allow for a sick day.

15.

Cho was instructed to call her co-worker to ask him if he could work a double to cover her shift.

16.

Johnston's conduct chilled Cho's ability to seek accommodation and induced fear in her.

17.

In fear of losing her job, Cho went to work.

18.

When she arrived at work, an employee from the other store at her general manager's location came in and asked why Cho did not tell her she was pregnant.

19.

This was how Cho learned she was retaliated against and her health/disability confidentiality had been violated.

20.

The employee admitted Johnston had told her that Cho tried to call out because she found out she was pregnant, and said he presented the information in a negative way.

21.

Later the same day the department manager came by Cho's store and looked at her stomach trying to determine if her pregnancy was showing.

22.

Cho values her privacy and had not yet even told close friends and family about her pregnancy status.

23.

Cho did not give Johnston permission to share her confidential private

health, disability, pregnancy information.

24.

On or around February 28, 2023, Cho noticed Johnston scheduling her the majority of shifts closing and working alone, which made it hard to take 15-minute breaks and bathroom breaks.

25.

On or around March 4, 2023, Cho's department manager resigned. Then when Cho had to work alone Defendant stated no one should leave the sales floor due to risk of theft.  This policy made it difficult for Plaintiff to go the restroom and take 15-minute breaks from standing.

26.

On or around March 31, 2023, Johnston acted negatively toward and inhibited Cho's efforts to promote sales in conjunction with Nieman Marcus, with which Prada does business.

27.

On or around April 4, 2023, a new department manager, Samantha Headley, started.  Cho let her know her pregnancy status and need for accommodations such as frequent eating and restroom breaks.  At this time, Johnston neglected supporting Cho vis-à-vis others.

28.

On or around May 15, 2023, when a co-worker got hurt at work and left early, Johnston stated Cho would need to work a double to cover her co-worker's shift.  Cho said she could not.  Johnston's negative attitude toward Cho continued.

29.

From May 16, 2023, Cho was the only employee working in her store and was left without accommodation.

30.

Headley would rarely give Cho a chance to tell her that she needed a bathroom or snack break when she worked with Cho.

31.

Headley would to the contrary usually stay in the back section of the store and if she would go in and out of the store walked fast to indicate she did not have time to listen to Cho.

32.

On or about May 22, 2023, Cho emailed Johnston and Headley June and July requested days off.  Johnston replied stating he could not give Cho certain days due to inventory and the store being short staffed, even though

Cho was requesting two months in advance for doctor appointments or other needs.

33.

When the schedule came out, Headley was off the same days Cho requested and was told no one could have those days off.

## COUNT I: FAILURE TO ACCOMMODATE DISABILITIES – 42 U.S.C. §§ 12112(a) and (b)(5)(A)

34.

The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

35.

Cho was a qualified individual with a disability who was able, with or without reasonable accommodations, to perform the essential functions of her job.

36.

At all relevant times, Defendant was aware of Cho's disability.

37.

Cho requested reasonable accommodations for her disabilities, including reasonable periods of leave for her disability-related treatments, medical appointments and conditions without penalty of discipline and discharge.

38.

Defendants did not engage in an interactive process with Cho to determine appropriate accommodations for her disabilities.

39.

Defendants failed to provide Cho with the reasonable accommodations she requested or any other accommodation.  Defendants denied her leave and disciplined her for seeking leave, and denied reasonable accommodations including consideration of additional unpaid leave.

40.

As described in the foregoing paragraphs, Defendant engaged in unlawful employment practices, in violation of Section 102(b)(5)(A) of the ADA and 42 U.S.C. §12112(b)(5)(A) by not making reasonable accommodations to the known physical limitations of an otherwise qualified individual with disabilities.

41.

The effect of Defendant's policies and practices complained of in the foregoing paragraphs has been to deprive Cho of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disabilities.

42.

Defendant's failure to provide reasonable accommodations for Cho was done with reckless indifference to her federally protected rights under the ADA.

43.

Defendant's failure to provide reasonable accommodations for Cho caused her harm entitling her to economic, compensatory, and punitive damages pursuant to 42 U.S.C. § 1981(a).

## COUNT II: DISPARATE TREATMENT BASED ON DISABILITY OR THE NEED TO PROVIDE ACCOMMODATION 42 U.S.C. §§ 12112(a) AND (b)(5)(b)

44.

The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

45.

Cho was a qualified individual with a disability who was able, with or without reasonable accommodations, to perform the essential functions of her job position.

46.

At all relevant times, Defendant was aware of Cho's disabilities.

47.

Under the terms and conditions of Defendant's policies, Cho's absences should have been reviewed and considered as a reasonable excuse for leave under the ADA.

48.

Defendant denied her leave and disciplined Cho because of her disabilities, and/or because of the need to provide reasonable accommodation for her disabilities, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 USC §§ 12112(a) and (b)(5)(B).

49.

Defendant discriminated against Cho by taking adverse employment actions against her because of her disabilities, and/or because of the need to provide reasonable accommodation for her disabilities, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

50.

Defendant's disparate treatment of Cho, pursuant to their inflexible leave practices under their PTO and other leave policies, adversely affected Cho's ability to take leave for medical treatments, appointments, and conditions without penalty of discipline and discharge.

51.

Defendant's discriminatory treatment of Cho was done with reckless indifference to her federally protected rights under the ADA.

52.

The effect of Defendant's policies and practices complained of in the foregoing paragraphs has been to deprive Cho of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disabilities, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(B).

53.

The unlawful employment practices complained of in the foregoing paragraphs and directed at Cho were intentional.

54.

Defendant's unlawful employment practices complained of in the foregoing paragraphs caused harm to Cho, because of her disabilities and/or the need to accommodate her disabilities, entitling her to economic, compensatory and punitive damages pursuant to 42 U.S.C. § 1981(a).

## COUNT III: RETALIATION – 42 U.S.C. § 12203

55.

Plaintiff reasserts and incorporates by reference all of the foregoing allegations.

56.

Since at least 2023, Defendant engaged in unlawful employment practices, in violation of Section 503 of the ADA, 42 U.S.C. § 12203 by retaliating against Cho.

57.

Cho engaged in protected conduct under the ADA by requesting reasonable accommodations for disabilities or otherwise opposing what she reasonably believed were unlawful discriminatory employment practices based on the ADA.

58.

Cho requested accommodations in the form of leave for medical treatments, appointments, and her conditions and to take emergency medical leave when needed.

59.

Cho complained to her supervisors about being disciplined for her absences and complained or opposed her supervisors written and verbal threats to punish her

if she missed work to meet her described needs.

60.

Defendant retaliated against Cho for engaging in protected conduct under the ADA by, among other things, disciplining her and/or denying reasonable accommodations, including consideration of unpaid leave.

61.

The effect of the Defendant's practices complained of in the foregoing paragraphs has been to deprive Cho of equal employment opportunities by disciplining her because she engaged in protected activity.

62.

Defendant's unlawful employment practices complained of in the foregoing paragraphs were intentional.

63.

Defendant's unlawful employment practice complained of in the foregoing paragraphs were done with malice or with reckless indifference to Cho's federally protected rights under the ADA.

64.

Defendant's unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to Cho's

14

federally protected rights under the ADA.

65.

Defendant's unlawful retaliation caused harm to Cho entitling her to economic, compensatory and punitive damages pursuant to 42 U.S.C. § 1981(a).

## COUNT IV: DISCRIMINATION ON THE BASIS OF SEX, PREGNANCY, CHILDBIRTH, OR RELATED MEDICAL CONDITION – 42 U.S.C. § 2000e-(3) AND 42 U.S.C. § 2000e(k)

66.

The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

67.

Since at least February 2023 to present, Defendant has engaged in unlawful employment practices in violation of the Pregnancy Discrimination Act ("PDA") as incorporated in Section 703(a)(1) of Title VII by discriminating against Cho because of her sex and/or pregnancy, childbirth or related medical condition(s).

68.

Defendant's discriminatory acts include counseling, disciplining, and poorly treating Cho because of her sex, pregnancy, childbirth, or related medical conditions.

69.

Defendant's discriminatory acts include subjecting Cho to discriminatory terms, conditions, or privileges of employment because of her sex, pregnancy, childbirth or related medical conditions, including but not limited to denying her requested leave, or penalizing her for taking leave for medical treatments, appointments and conditions, and taking PTO.

70.

The unlawful employment practices complained of in the foregoing paragraphs were done with malice or reckless indifference to Cho's federally protected rights under Title VII.

71.

Defendant's unlawful employment practices caused harm to Cho, entitling her to economic, compensatory and punitive damages pursuant to 42 U.S.C. § 1981 (a).

## CHARACTERIZATIONS OF DISCRIMINATION

72.

Defendant's conduct constitutes unlawful workplace discrimination based upon sex, disability, and retaliation because no other factors present explain or justify why Defendant, its employees, managers, officers, and agents,

held Cho in such low regard as to mistreat, fail to accommodate, and retaliate against Cho despite her good work and workplace contributions.

73.

Defendant's work environment was hostile to Cho, including but not limited to statements and conduct described herein.

74.

The treatment Cho was subjected to amounted to discrimination in the terms, conditions, and privileges of her employment.

75.

The discrimination complained of herein is the cause of the treatment administered overtly and under guise of pretext and is also the proximate cause of Cho's damages.

## **DAMAGES**

76.

Cho suffered loss of wages she otherwise would have earned from Defendant.  Such loss was because of the actions and inactions of Defendant.

77.

Cho suffered loss benefits she otherwise would have had because of the actions and inactions of Defendant.

78.

Cho suffered and continues to suffer emotional distress and pain and suffering because of the actions and inactions of Defendant.

79.

Cho is entitled to punitive damages where available because of the actions and inactions of Defendant.

80.

Defendant consciously disregarded Cho civil rights.

81.

Defendant acted with reckless disregard as to whether its conduct violated the law.

82.

Defendants' actions are disparate / maltreatment by treating Cho poorly because of sex, disability, and by treating Cho differently and worse than similarly situated employees not in her protected classes.

83.

Defendant's policies, even if facially neutral, had a disparate impact on female, pregnant, or disabled employees, who fared much worse than the individuals outside of these protected classes under the policies.

## ADMINISTRATIVE HISTORY

84.

On August 21, 2023, an EEOC Charge was filed and given EEOC Charge Number 410-2023-09740, attached to Plaintiff's Complaint as Exhibit A and incorporated herein by reference as if recited verbatim.

85.

On September 22, 2023, Plaintiff was given her Right to Sue Letter, attached hereto as Exhibit B.

WHEREFORE, Plaintiff Cho demands that she have trial by jury and judgment against Defendant as follows:

a)  For lost wages/back pay in an amount to be determined at trial;

b)  For lost benefits in an amount to be determined at trial;

c)  For compensatory damages in an amount to be determined at trial;

d)  For front pay in an amount to be determined at trial;

e)  For punitive damages in an amount to be determined at trial;

f)  For liquidated damages where available;

g)  For a declaratory judgment that Defendant's actions were unlawful;

h)  For injunctive relief in ordering Defendant cease ignoring employees'

civil rights;

i) For injunctive relief requiring Defendant to immediately limit its personnel's ability to deny or interfere with the civil rights of current employees including but not limited to Plaintiff;

j) For her costs and expenses;

k) For her attorney's fees; and

l) For such other and further relief as is just, proper, or equitable.

This 21st day of December, 2023.

/S/ Drew Mosley
Drew Mosley
Attorney for Plaintiff
GA Bar No. 526406
Drew Mosley, LLC
279 W. Crogan Street
Lawrenceville, GA 30046
Office Phone (678) 225-0098
Office Fax (678) 221-0230
Email: drew@mlawmail.com